Name: Michael Hayes

Address: 5 Eagle Drive West

Moriarty NM 87035

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 27 2026

MITCHELL R. ELFERS
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Michael O. Hayes , Plaintiff
(Full Name)

Kimberly Ibarra / Jan Trujillo
Troy Gray DA
Police Chief Harold Medina,
Maria Baker, Lt. C Gandara, EWU
Bodycam , Defendant(s)

CASE NO. **26 cv 182 GBW**

(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.§1983

## A.    JURISDICTION

1) Michael O. Hayes , is a citizen of New Mexico
   (Plaintiff)                                              ( State )
   who presently resides at 5 Eagle Dr. West, Moriarty NM 87035
   (Mailing address or place of confinement)

2)    Defendant Kimberly Ibarra / Jan Trujillo is a citizen of
      (Name of first defendant)
      Albuquerque, New Mexico , and is employed as
      (City, State)
      Case worker / Supervisor . At the time the claim(s)
      ( Position and title, if any)
      alleged in this complaint arose, was this defendant acting under color of state law?
      Yes ☑    No ☐    If your answer is "Yes", briefly explain:

See count 1 and 2

XE-2    2/78    CIVIL RIGHTS COMPLAINT (42 U.S.C. §1983)

3) Defendant _Harold Medina, Lt. C. Gandara, Maria Baker_ is a citizen of
                        (Name of second defendant)

_Albuquerque New Mexico_ , and is employed as
                        (City, State)

_Police chief, Lt., Detective, APD police_ .  At the time the claim(s)
                        ( Position and title, if any)

alleged in this complaint arose, was this defendant acting under color of state.

Yes ☑    No ☐     If your answer is "Yes", briefly explain:

(Use the back of this page to furnish the above information for additional defendants.)

4)  Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3), 42 U.S.C. §1983. (If you wish to assert Jurisdiction under different or additional statutes, you may list them below.)

See Count 4 and 5

## B.  NATURE OF THE CASE

1)  Briefly state the background of your case.

See exhibit list
    Supporting Evidence

# C.  CAUSE OF ACTION

1)   I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations:  (If necessary, you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.

A)(1)  Count I:  Violation of Parental Rights (14 Amendment)

(2)   Supporting Facts:  (Include all facts you consider important, including names of persons involved, places and dates.  Describe exactly how each defendant is involved.  State the facts clearly in your own words without citing leagl authority or argument.)

of Exhibit list
    Supporting Evidence

B)(1)  Count II:  Unlawful Seizure of Minor child (4th Amendment)

(2)  Supporting Facts:  Plaintiff exhibit list / supporting Evidence

XE-2 2/78                        -3-

C)(1) Count III: Fabrication of Evidence/False Reports

(2) Supporting Facts:

See exhibit list
supporting evidence

D) PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☑ No ☐   If your answer is "YES", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a) Parties to previous lawsuit.

Plaintiffs: Michael Hayes

Defendants: aptd. Kimberly Ibarra, Jay Trujillo, Police chief Harold Medina, Lt. Gundare, Maria Baker

b) Name of court and docket number:

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending? Still pending

d) Issues raised: Complaint for violations of Civil Rights, Due Process ˢᵗᵃᵗᵉ ˢᵗᵃᵗᵉ custodial interference, wrongful Detention of a minor

XE-2   2/78                          —4—

e) Approximate date of filing lawsuit: _____ 6/30/25 _____

f) Approximate date of disposition: _____ 8/18/2026  I think? _____

2)  I have previously sought informal or formal releif from the appropriate administrative officials regarding the acts complained of in Part C.  Yes ☐  No ☑  If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No," briefly explain why administrative relief was not sought.

## E.    REQUEST FOR RELIEF

1)  I believe that I am entitled to the following relief:

1. Order immediate return of MH
2. Awards compensatory damages
3. Injunctive Relief
4. Attorney Fees + cost.
5. Grant any other Relief the court deems Just and Proper

_____        _____
Signature of Attorney (if any)              Signature of Petitioner

Attorney's full address and telephone number.

XE-2    2/78                              - 5 -

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1746. 18 U.S.C. Sec. 1621.

Executed at  U.S. District Court  on  1 / 27 / 2026  202_6_.
  (Location)         (Date)

_____
(Signature)

XE-2   2/78                                    - 6 -

# UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Plaintiff:
[Your Name] Michael Hayes
[Address] 5 Eagle Drive West
[City, State, Zip] Moriarty NM 87035

Defendants:

1. Kimberly Ibarra – CYFD Caseworker
2. Jan Trujillo – CYFD Supervisor
3. Troy Gray – District Attorney (if non-prosecutorial acts challenged)
4. Police Chief [Name] – Albuquerque Police Department
5. Lt. Gandara – Albuquerque Police Department
6. M. Baker – Police Officer / Affidavit Fabricator
   *(Judges not named due to judicial immunity for judicial acts)*

## AMENDED COMPLAINT

Civil Action under 42 U.S.C. §1983 – Violation of Federal Civil Rights

# I. JURISDICTION AND VENUE

1. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343**, as this action arises under the Constitution and federal civil rights laws, including **42 U.S.C. §1983**.
2. Venue is proper because all acts and omissions occurred in New Mexico, within the District of New Mexico.

# II. PARTIES

1. **Plaintiff [Your Name]** is the legal parent and caretaker of minor child MH.
2. **Defendants Kimberly Ibarra and Jan Trujillo** were acting as child welfare caseworker and supervisor for CYFD at all relevant times.
3. **Defendant Troy Gray** acted as District Attorney for the criminal proceedings involving MH.
4. **Defendants Police Chief [Name], Lt. Gandara, and M. Baker** acted in law enforcement capacities, including executing warrants and preparing affidavits.

## III. FACTUAL BACKGROUND

1. On **March 18, 2025**, CYFD removed minor MH from Plaintiff's care without prior notice, claiming alleged neglect and supervision failures.
2. CYFD filed an **ex parte custody order on March 21, 2025**, despite police statements confirming **no intentional abuse or neglect**.
3. Plaintiff and co-parent were **served late on March 31, 2025**, and a custody hearing occurred on **April 3, 2025, 16 days after removal**, violating due process.
4. CYFD left MH's sister in Plaintiff's home, proving **home environment was safe**.
5. Plaintiff voluntarily arranged mental health treatment for MH following trauma from his mother's death. CYFD ignored this context in affidavits.
6. The alleged neglect/abuse case was **dismissed in August 2025** with no findings of abuse or neglect.
7. Despite dismissal, **DA Troy Gray obtained a warrant for MH on July 3, 2025**, removed him from mental health treatment **late at night**, bypassing family court findings.
8. Police fabricated affidavits, withheld exculpatory evidence, and executed seizure improperly.
9. MH was found **incompetent to stand trial**, confirming that the issues were clinical/behavioral, not parental neglect.
10. Defendants' actions caused **emotional trauma to MH and Plaintiff**, including disruption of mental health care and family stability.

## IV. CLAIMS FOR RELIEF

### Count 1 – Violation of Parental Rights (14th Amendment)

1. Defendants Ibarra, Trujillo, Police, and DA, acting under color of law, **deprived Plaintiff of custody of MH without proper legal justification**.
2. Removal was based on **fabricated evidence**, false allegations, and pretext.
3. Due process rights were violated by **delayed notice, delayed hearing, and post hoc justification**.

### Count 2 – Unlawful Seizure of Minor Child (4th Amendment)

1. Removal of MH constituted a **seizure**.
2. Defendants lacked **probable cause or imminent danger justification**.
3. Removal violated 4th Amendment rights of Plaintiff and MH.

### Count 3 – Fabrication of Evidence / False Reports

1. Defendants knowingly misrepresented facts in affidavits and reports.
2. Defendants withheld exculpatory police evidence and used false claims to obtain custody.

3. These actions violated 14th and 4th Amendment rights.

## Count 4 – Abuse of Process / Pretextual Removal

1. Defendants used child welfare authority as a **pretext** to seize MH and justify ongoing control.
2. Family court dismissal proves original removal lacked legitimate basis.
3. Actions were willful and intentional, causing trauma and harm.

## Count 5 – Intentional Infliction of Emotional Distress

1. Defendants' conduct caused **extreme emotional distress** to MH and Plaintiff.
2. Emotional harm includes disruption of family unit, removal from treatment, and trauma from late-night arrest.

# V. RELIEF REQUESTED

Plaintiff requests that the Court:

1. Order **immediate return of MH** to Plaintiff's care, if applicable.
2. Award **compensatory damages** for emotional distress and harm.
3. Award **injunctive relief** preventing further unconstitutional removals.
4. Award **attorney's fees and costs** pursuant to 42 U.S.C. §1988.
5. Grant **any other relief** the Court deems just and proper.

# VI. JURY DEMAND

Plaintiff demands a **trial by jury** on all claims so triable.

DATED: [Insert Date]
Respectfully submitted,

*[signature]*

[Your Name] MICHAEL HAYES
[Address] 5 Eagle Drive West
[Phone / Email] MORIARTY NM 87035
**Pro Se Plaintiff**

# EXHIBIT LIST / SUPPORTING EVIDENCE

**Plaintiff:** ~~Mohammet~~ Michael Hayes
**Case:** Civil Rights Action under 42 U.S.C. §1983

## I. Chronology / Timeline of Events

**Purpose:** Provides the court a clear, concise overview of the sequence of events.

**Exhibit A – Chronological Timeline of MH Removal and Legal Proceedings**

- 3/18/2025 → CYFD removed MH from Plaintiff's care
- 3/21/2025 → Ex parte custody order filed by Kimberly Ibarra
- 3/31/2025 → Plaintiff and co-parent served with notice
- 4/3/2025 → Custody hearing before Special Master Fooks
- 5/23/2025 → MH's birthday; DA removes MH from voluntary mental health treatment
- 7/3/2025 → Arrest warrant signed by head judge for MH
- August 2025 → Neglect/abuse case dismissed by family court
- 2025–Present → Criminal case pending; MH found incompetent to stand trial

## II. CYFD Documentation

**Purpose:** Show CYFD acted without proper justification.

**Exhibit B – Affidavit of Kimberly Ibarra and Jan Trujillo (3/21/2025)**

- Includes statements of alleged neglect
- References police reports
- Evidence of ignoring exculpatory statements (Sergeant Weinstein)

**Exhibit C – Family Court Dismissal Order (August 2025)**

- Shows **no finding of neglect/abuse**
- Supports claims of pretextual removal and fabrication

**Exhibit D – Notices / Service Papers**

- Proof of **late service** (3/31/2025)
- Supports **due process violation claim**

**Exhibit E – Custody Hearing Orders**

- Includes **order keeping MH in CYFD custody**
- Highlights timeline discrepancy and delayed hearing

## III. Mental Health / Competency Documentation

**Purpose:** Shows removal was unnecessary and MH's needs were addressed voluntarily.

**Exhibit F – Mental Health Admission / Voluntary Treatment Records**

- Shows Plaintiff arranged care for MH after mother's death
- Supports **adequate supervision and care**

**Exhibit G – Competency Findings**

- MH found **incompetent to stand trial**
- Confirms MH's issues were **clinical, not parental neglect**

## IV. Criminal / Police Documentation

**Purpose:** Demonstrates fabrication and misconduct.

**Exhibit H – Arrest Warrant (7/3/2025)**

- Shows MH seized post-dismissal of neglect case
- Supports claim of **unlawful seizure**

**Exhibit I – Police Affidavit by M. Baker**

- Evidence of **misrepresentation / fabrication**
- Shows **suppression of exculpatory evidence**

**Exhibit J – Sealed Reports / Police Evidence Logs**

- Timeline of alleged criminal incidents (5/29/2024 vehicle homicide, 6/6/2024 arrest)
- Shows **misuse of evidence against MH**
- Shows **older youth were the real primary actors**

## V. Family Support / Voluntary Visitation Evidence

**Purpose:** Shows MH had a safe, supportive environment.

**Exhibit K – Documentation of Family Support / Zoom Testimony**

- Testimony from siblings, relatives supporting MH and Plaintiff
- Shows Judge and CYFD knew family network was strong

**Exhibit L – Visitation Records / CYFD Progress Reports**

- Shows Plaintiff **actively participated** in MH's mental health care
- Demonstrates **ongoing supervision**

## VI. Legal Documentation

**Purpose:** Shows procedural errors and rights violations.

**Exhibit M – U.S. District Court Rule 58 Judgment (Dismissal without prejudice)**

- Confirms prior §1983 civil rights action dismissed without prejudice
- Supports ability to **refile amended complaint**

**Exhibit N – Court Orders / Rulings from Judge Parnell**

- Supports claim that **she acted as gatekeeper of false allegations**
- Important for **fabrication / pretext claim**

**Exhibit O – Any Video or Recorded Evidence**

- Plaintiff mentions video showing older youth's involvement in incidents
- Supports **misrepresentation of MH's involvement**

## VII. Optional / Supplemental Exhibits

- Exhibit P → Any correspondence with DA Troy Gray showing actions taken outside court authority
- Exhibit Q → Any emails / letters showing CYFD knowledge of MH's voluntary mental health treatment
- Exhibit R → Any photos / records supporting late-night seizure

# VIII. ORGANIZATION NOTES

- Label exhibits clearly: "Exhibit A, Exhibit B, ..."
- Attach **table of contents** for easy reference
- Highlight key points in exhibits for the judge
- Cross-reference **each exhibit in your complaint**, e.g., "As shown in Exhibit B, Ibarra and Trujillo's affidavit ignored police statements..."

~~STATE OF NEW MEXICO~~ US .
~~SECOND JUDICIAL~~ DISTRICT COURT
COUNTY OF ~~BERNALILLO~~ New Mexico
~~[YOUR NAME]~~, Michael Hayes
On behalf of MH (a minor), RH, and MOH,
Plaintiffs,

v.

CHILDREN, YOUTH & FAMILIES DEPARTMENT (CYFD);
KIMBERLY IBARRA, in her individual and official capacity;
JAN TRUJILLO, in her individual and official capacity;
CITY OF ALBUQUERQUE POLICE DEPARTMENT (APD);
POLICE CHIEF HAROLD MEDINA, in his individual and official capacity;
LT. C. GANDARA, in his individual and official capacity;
CRIMINAL INVESTIGATIONS DIVISION (CID) (NAMES UNKNOWN);
BERNALILLO COUNTY DISTRICT ATTORNEY'S OFFICE;
TROY GRAY, District Attorney, in his individual and official capacity;
MARIA E. BAKER, Prosecutor, in her individual and official capacity;
SAM BERGMAN, Supervising DA, in his individual and official capacity;
STANLEY GRAY, Director of Juvenile Detention, in his individual and official capacity;
JOHN AND JANE DOES 1–20,
Defendants.

Case No.: _____

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS, DUE PROCESS, CUSTODIAL INTERFERENCE, WRONGFUL DETENTION OF A MINOR, AND DAMAGES

I. INTRODUCTION

This civil action arises from a pattern of constitutional violations, abuse of authority, fabrication of evidence, custodial interference, and wrongful juvenile detention committed against a minor child ("MH"), his father ("RH"), his guardian ("MOH"), and family members. Defendants, acting under color of state law, unlawfully removed a minor from court-ordered mental health treatment, interfered with lawful guardianship, misrepresented facts in affidavits, withheld exculpatory evidence, and subjected the minor to unsafe detention conditions despite incompetency determinations, causing severe harm and violating fundamental rights under the United States Constitution, New Mexico Constitution, and state law.

II. JURISDICTION AND VENUE

1. Jurisdiction is proper under 42 U.S.C. §1983 and related federal civil rights statutes because Plaintiffs allege violations of the 4th, 5th, and 14th Amendments.

2. This Court has jurisdiction over state law claims under supplemental jurisdiction.

3. Venue is proper in Bernalillo County because all events giving rise to this action occurred in Albuquerque, New Mexico.

III. PARTIES

Plaintiffs:

4. MH is a minor child with documented mental health needs.

5. RH is MH's biological father.

6. MOH is MH's guardian.

Michael Hayes

7. [Your name] is the Plaintiff bringing this suit on behalf of MH and family and as a direct witness and harmed party.

Defendants:

8–20. Defendants include CYFD personnel, APD officers, CID personnel, District Attorney staff, and juvenile detention supervisors as listed above, each acting under color of law during the events described.

## IV. STATEMENT OF FACTS

### A. Initial Arrests and Police Misconduct

21. On or about June 6, 2024, MH was arrested in Albuquerque, New Mexico.

22. MH had pre-existing mental health needs and was later ordered into mental treatment under Judge Parnell.

23. Law enforcement and CID identified multiple adult individuals present in the alleged incident, including:

- JO (co-defendant)
- Ronnie (fifth adult in back seat)
- three additional adults

24. Despite this, police improperly focused on MH, a minor, without appropriate basis.

### B. Court-Ordered Treatment and Custodial Interference

25. Following arrest, MH was placed under court-ordered mental health treatment.

26. On or about July 3, 2024, Judge Parnell issued orders regarding MH's custody.

27. Defendants unlawfully removed MH from his treatment facility without notice to the court, guardian, or father.

28. Removal occurred late at night, violating the court order and endangering MH.

### C. Fabrication, Misrepresentation, and Evidence Suppression

29. Prosecutor Maria E. Baker submitted affidavits containing incorrect or fabricated information, including misidentification of involved persons.

30. The homicide case was closed on June 11, 2024 after APD found no basis for charges.

31. On March 6, 2025, Baker reopened the case claiming "new evidence," though no new evidence existed.

32. Police Chief Medina and CID failed to disclose video evidence showing an Arizona trooper and multiple adults present.

33. Exculpatory evidence was withheld from defense and family.

### D. Interference with Parent/Guardian Rights

34. CYFD, APD, and CID restricted RH and MOH from retrieving MH despite no legal basis.

35. MH was released twice by APD to family before CYFD intervened without court authority.

36. CYFD and detention personnel then denied visitation to RH and MOH.

### E. Wrongful Juvenile Detention and Safety Violations

37. MH was transferred to juvenile detention despite being found incompetent for trial.

38. Staff introduced contraband (marijuana vape) into the unit.

39. Minors, including MH, were punished while staff responsible faced no disciplinary action.

40. Director Stanley Gray prohibited communication, refused legal paperwork, and banned visitation.

41. Defense counsel failed to report safety violations or protect MH.

### F. Due Process Violations Against Plaintiff

42. Plaintiff was later banned from courthouse premises based on false statements by DA Troy Gray alleging threats and stalking.

43. Plaintiff is forced to be escorted by state troopers, infringing on court access rights.

44.  These actions have no factual basis and constitute retaliation for filing complaints.

V. CAUSES OF ACTION

COUNT I – Deprivation of Due Process (14th Amendment / §1983)
Against all Defendants.
COUNT II – Unreasonable Seizure and Detention (4th Amendment / §1983)
For unlawful removal from treatment and detention without lawful basis.
COUNT III – Monell Liability (City of Albuquerque & CYFD)
For policies/customs permitting constitutional violations.
COUNT IV – Custodial Interference and Violation of Parental Rights
Against CYFD, APD, Juvenile Detention.
COUNT V – Fabrication and Suppression of Evidence
Against Baker, Gray, CID, Medina.
COUNT VI – Negligent Supervision and Failure to Protect a Minor
Against CYFD and Juvenile Detention personnel.
COUNT VII – Intentional Infliction of Emotional Distress
Against individual actors for retaliation, false statements, and abuse of authority.

VI. DAMAGES

Plaintiffs seek compensatory and punitive damages for:
- Emotional and psychological harm to MH
- Loss of parental and guardian rights
- Loss of court access
- Defamation and retaliation
- Costs of litigation
- Punitive damages for abuse of authority

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:
A. Enter judgment in Plaintiffs' favor on all counts;
B. Award compensatory and punitive damages;
C. Order production of all withheld evidence;
D. Issue injunctive relief protecting MH from further harm;
E. Order release or transfer of MH to proper guardianship or treatment;
F. Award attorney fees and costs as appropriate; and
G. Grant any other relief the Court deems just and proper.

VIII. JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted,
Date: 1-27-2026
Signature: Michael Hayes
Printed Name: MICHAEl HayeS
Address: 5 Eagle Dr. West, Moriarty NM 87035
Phone: 505-804-0621
Email: Akright conohotmail.com