IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL O. HAYES,

    Plaintiff,

v.                                                          Civ. No. 26-182 GBW

KIMBERLY IBARRA, *et al.*,

    Defendants.[1]

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (*doc. 1*), filed January 27, 2026 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*doc. 2*), filed January 27, 2026 ("Application").

### Order Granting Application to Proceed *In Forma Pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.

---

[1] The Complaint contains three captions. *See* Complaint at 1, 7, 13. The captions on pages 1 and 7 name six defendants. The caption on page 13 names 12 defendants along with 20 John and Jane Does.

>Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) his average monthly income amount during the past 12 months is $568.00; and (ii) his monthly expenses total $568.00.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating he is unable to pay the costs of this proceeding and because his monthly expenses are equal to his low monthly income.

**Order to Show Cause**

This case arises from Children, Youth and Families Department's ("CYFD") removal of Plaintiff's minor son from Plaintiff's care, another later removal of the son from his treatment facility and transfer of the son to a juvenile detention center.  *See* Complaint at 8, 14.

2

The Court has identified the following deficiencies and orders Plaintiff to show cause why the Court should not dismiss his claims pursuant to 42 U.S.C. § 1983. *See Lowrey v. Sandoval Cty. Children Youth and Families Dep't,* 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause[.]") (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

Plaintiff states he is "bringing this suit on behalf of [his minor son] and family." Complaint at 13. Plaintiff cannot bring claims on behalf of his minor son and his family because Plaintiff is not an attorney authorized to practice in this Court. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Kanth v. Lubeck*, 123 F. App'x 921, 923 n.1 (10th Cir. 2005) ("[A]s a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court." (citation omitted)); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

It appears some of Plaintiff's claims may be barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*,

3

164 F.3d 1296, 1302 (10th Cir. 1999); *see also D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional.") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)).

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted). Plaintiff alleges his son "was transferred to juvenile detention" and seeks an order for the "release or transfer of [his son] to proper guardianship or treatment." Complaint at 14–15.

It appears Plaintiff's claims against Defendant Troy Gray, a district attorney "for the criminal proceedings involving" Plaintiff's son, and Defendant Maria E. Baker, "Prosecutor," may be barred by prosecutorial immunity. *See Chilcoat v. San Juan County*, 41 F.4th 1196, 1209 (10th Cir. 2022) ("Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court.") (quoting *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009)).

4

It appears that the Court lacks jurisdiction over Plaintiff's claims for monetary damages against CYFD and CYFD employees in their official capacities due to Eleventh Amendment sovereign immunity.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001).  However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
>> First, a state may consent to suit in federal court.  Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment.  Finally, under *Ex parte Young,* 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered).

*Levy v. Kansas Dep't of Social and Rehabilitation Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015).

It appears that some claims against some Defendants in their supervisory capacity, for example Albuquerque Chief of Police Harold Medina and Supervising District Attorney Sam Bregman, should be dismissed.  *See Burke v. Regalado*, 935 F.3d 960, 997–98 (10th Cir. 2019) ("Section 1983 does not authorize respondeat superior liability for a supervisor based solely on the actions of his subordinates.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

It appears that Plaintiff's claims against the City of Albuquerque Police Department, the Criminal Investigations Division and the Bernalillo County District Attorney's Office should be dismissed. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as defendants and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)).

The Court orders Plaintiff to show cause why the Court should not dismiss this case. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint.

Plaintiff filed his original Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" and attached two complaints, each with a caption, a jurisdiction and venue section, a section describing the parties, factual allegations, claims, and relief requested. *Compare* Complaint at 7–9, *with* Complaint at 13–15. The caption on page 7 names six Defendants; the caption on page 13 names 12 Defendants along with 20 John and Jane Does. The amended complaint must be a single complaint that clearly names each Defendant in the caption and contains uniquely numbered allegations. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"[.]); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered

paragraphs[.]"). Several of the allegations are vague in that they refer to "Defendants" without identifying which Defendants Plaintiff is referring to or are conclusory and unsupported by factual allegations. *See, e.g.,* Complaint at 8 ("Defendants withheld exculpatory police evidence and used false claims to obtain custody" and "Defendants lacked probable cause or imminent danger justification"). The amended complaint must clearly "explain what *each* defendant did to [Plaintiff]; when [*each*] defendant did it; how [*each*] defendant's action harmed [Plaintiff]; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).

> We use the *Iqbal*/*Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 F. App'x 763, 770 (10th Cir. 2016) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679. The degree of specificity needed to

> establish plausibility and provide fair notice depends on the context and the type of case. *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted). The amended complaint must clearly identify each Defendant against whom Plaintiff seeks injunctive relief. The amended complaint must also comply with the Federal and Local Rules of Civil Procedure.

### Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]". 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

### Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (Oct. 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:

http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke,* 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*doc. 2*), filed January 27, 2026, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss claims for the reasons discussed above; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE