**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL O. HAYES,

      Plaintiff,

v.                                                              No. 1:26-cv-00182-WJ-GBW

KIMBERLY IBARRA,
JAN TRUJILLO,
TROY GRAY,
HAROLD MEDINA,
MARIA BAKER and
C. GANDARA, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises from Children, Youth and Families Department's ("CYFD") removal of Plaintiff's minor son from Plaintiff's care, another later removal of the son from his treatment facility and transfer of the son to a juvenile detention center. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 AT 8, 14, Doc. 1, filed January 27, 2026 ("Complaint").

Chief United States Magistrate Judge Gregory B. Wormuth notified Plaintiff of the following deficiencies in the Complaint:

(i)     Plaintiff states he is "bringing this suit on behalf of [his minor son] and family." Complaint at 13. Plaintiff cannot bring claims on behalf of his minor son and his family because Plaintiff is not an attorney authorized to practice in this Court.

(ii)    Plaintiff alleges his son "was transferred to juvenile detention" and seeks an order for the "release or transfer of [his son] to proper guardianship or treatment." Complaint at 14-15. It appears some of Plaintiff's claims may be barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with

state court proceedings ... when such relief could adequately be sought before the state court."  "*Younger* abstention is jurisdictional."

(iii)    It appears Plaintiff's claims against Defendant Troy Gray, a district attorney "for the criminal proceedings involving" Plaintiff's son, and Defendant Maria E. Baker, "Prosecutor," may be barred by prosecutorial immunity.

(iv)    It appears that the Court lacks jurisdiction over Plaintiff's claims for monetary damages against CYFD and CYFD employees in their official capacities due to Eleventh Amendment sovereign immunity.

(v)    It appears that some claims against some Defendants in their supervisory capacity, for example Albuquerque Chief of Police Harold Medina and Supervising District Attorney Sam Bregman, should be dismissed because Section 1983 does not authorize respondeat superior liability for a supervisor based solely on the actions of his subordinates.

(vi)    It appears that Plaintiff's claims against the City of Albuquerque Police Department, the Criminal Investigations Division and the Bernalillo County District Attorney's Office should be dismissed because, generally, governmental sub-units are not separate suable entities that may be sued under § 1983.

Order to Show Cause, Doc. 5, filed February 4, 2026.  Judge Wormuth ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. Plaintiff, who is proceeding *pro se*, did not show cause or file an amended complaint by the February 25, 2026, deadline.

2

The Court dismisses this case without prejudice because Plaintiff has not complied with Judge Wormuth's Order to show cause and file an amended complaint.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**